**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0839-23

MARIO D. LAWSON,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 27, 2025 – Decided June 6, 2025

Before Judges Gooden Brown and Vanek.

On appeal from the New Jersey Department of Corrections.

Mario D. Lawson, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sookie Bae-Park, Assistant Attorney General, of counsel; Hilary Cohen, Deputy Attorney General, on the brief).

PER CURIAM

Mario Lawson appeals the New Jersey Department of Corrections (DOC) final agency decision (FAD) imposing discipline against him based on its finding that, while incarcerated in New Jersey State Prison (NJSP), he committed arson, a prohibited act under N.J.A.C. 10:4-4.1(a)(1)(xiv). We affirm.

I.

We glean the salient facts from the administrative record. On July 13, 2023, at approximately 12:05 p.m., DOC Officer Ferranti was working on tier seven in NJSP when he witnessed Lawson throwing a bed sheet that was lit on fire across the tier. Officer Ferranti immediately reported the fire. The initial fire incident report described the fire as a "Class A Fire" with the area of origin to be a cloth burning on the tier bars. The method of ignition was undetermined.

Lawson was charged with committing prohibited act *.151, forbidding acts of arson. N.J.A.C. 10:4-4.1(a)(1)(xiv). On July 14, 2023, a DOC Sergeant served the *.151 charge on Lawson and conducted an internal investigation before referring the charge to a hearing officer. After being served with the *.151 charge, Lawson waived twenty-four-hour notice and was granted the assistance of counsel substitute before pleading not guilty.

At the administrative hearing, the departmental hearing officer (DHO) considered Officer Ferranti's testimony, along with the DOC reports containing Officer Ferranti's statements of his personal observations, the initial fire incident report, a seizure of contraband report, confrontation questions served by Lawson with Officer Ferranti's written responses, and photographs of the burnt sheets. Lawson declined to testify during the hearing and refused to call any witnesses. Officer Ferranti's responses to Lawson's written questions stated he was not familiar with Lawson, he did not know Lawson's exact cell number, he could not see Lawson's cell from the front of the tier, and he did not personally put out the fire.

After hearing the testimony, reviewing all the evidence, and considering the arguments, the DHO found Lawson guilty of the *.151 charge of arson. Lawson was sanctioned to thirty days loss of recreation privileges (including television, canteen, radio, and Jpay); and thirty-days loss of phone privileges. In imposing these sanctions, the DHO referenced Lawson's extensive prior disciplinary history, his failure to take responsibility for this offense, and his lack of a mental health history.

That same day, Lawson administratively appealed the decision, challenging the process along with the sufficiency of the evidence, and making

A-0839-23

another plea for leniency. On September 26, 2023, the DOC Assistant Superintendent upheld the DHO's finding of guilt, and the sanctions recommended by the DHO were imposed. In upholding the decision, the FAD concluded the proceeding was fair and the evidence supporting the charges was substantial.

Lawson appealed, arguing the DOC was arbitrary, capricious, and unreasonable in determining there was substantial evidence in the record to support the FAD.

II.

We begin by circumscribing our limited standard of review of an agency decision. In re Stallworth, 208 N.J. 182, 194 (2011); Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018). We presume the validity of the "administrative agency's exercise of its statutorily delegated responsibilities." Lavezzi v. State, 219 N.J. 163, 171 (2014). "We will disturb an agency's adjudicatory decision only upon a finding that the decision is 'arbitrary, capricious or unreasonable,' or is unsupported 'by substantial credible evidence in the record as a whole.'" Blanchard v. N.J. Dep't of Corr., 461 N.J. Super. 231, 237-38 (App. Div. 2019) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). "The burden of demonstrating that the agency's action was

arbitrary, capricious[,] or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006).

We have also recognized that the Legislature has provided the DOC with broad discretion in all matters regarding the administration of a prison facility, including disciplinary infractions by prisoners. Russo v. N.J. Dep't of Corr., 324 N.J. Super. 576, 583 (App. Div. 1999). Therefore, we may not vacate an agency's determination because of doubts as to its wisdom or because the record may support more than one result. De Vitis v. N.J. Racing Comm'n, 202 N.J. Super. 484, 489-90 (App. Div. 1985).

However, "although the determination of an administrative agency is entitled to deference, our appellate obligation requires more than a perfunctory review." Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 191 (App. Div. 2010) (quoting Blackwell v. Dep't of Corr., 348 N.J. Super. 117, 123 (App. Div. 2002)). We are not "relegated to a mere rubber-stamp of agency action," but rather we must "engage in a careful and principled consideration of the agency record and findings." Williams v. Dep't of Corr., 330 N.J. Super. 197, 204 (App. Div. 2000) (internal quotation marks omitted) (quoting Mayflower Sec. v. Bureau of Sec., 64 N.J. 85, 93 (1973)).

A-0839-23

A finding of guilt at a disciplinary hearing must be "based upon substantial evidence that the inmate has committed a prohibited act." N.J.A.C. 10A:4-9.15(a). Substantial credible evidence "means 'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Figueroa, 414 N.J. Super. at 192 (quoting In re Pub. Serv. Elec. & Gas Co., 35 N.J. 358, 376 (1961)). "The term has also been defined as 'evidence furnishing a reasonable basis for the agency's action.'" Id. at 192 (quoting McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 562 (App. Div. 2002)).

III.

After our thorough review of the record and prevailing law, we affirm, concluding the FAD was based on substantial credible evidence in the record establishing Lawson committed prohibited act *.151, arson.

We are unpersuaded by Lawson's argument the FAD should be reversed because it was unsupported by the record and, as a result, is arbitrary, capricious, and unreasonable. Lawson failed to proffer any evidence or credible testimony to contradict Officer Ferranti's written report or testimony that he observed Lawson with the bed sheet on fire and personally saw him throw the flaming bed sheet across the tier. The DHO reviewed the testimony, reports and statements and responses to the written questions before rendering a decision

6

finding Lawson guilty of the arson charge. Absent any contradictory evidence, and considering our deferential standard of agency review, we affirm the FAD, concluding it was supported by substantial, credible evidence in the record.

To the extent we have not specifically addressed any of Lawson's other contentions, it is because we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division